IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICHARD WINNING,**

    **Plaintiff,**

**v.   //   CIVIL ACTION NO. 1:11CV94**
                                    **(Judge Keeley)**

**ADRIAN HOKE, Warden;**
**TOM CHENOWETH, IMC,**
**DEBBIE CONTRAL, and**
**RANDY SHEEVES, B-1 Unit Manager,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On June 13, 2011, the pro se plaintiff, inmate Richard Winning ("Winning"), filed his complaint, pursuant to 42 U.S.C. § 1983, alleging that the defendants refused his requests to be transferred to a different cell unit. On September 2, 2011, the defendants filed a motion to dismiss, following which the Court referred the matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with LR PL P 2.

On November 28, 2011, Magistrate Judge Kaull issued a Report and Recommendation ("R&R") that recommended dismissal of Winning's complaint for failure to exhaust his administrative remedies. Although Winning initiated administrative grievances, he failed to appeal after his Unit Supervisor and Warden denied them, and he offered no excuse for his failure to exhaust.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Although Magistrate Judge Kaull informed Winning that failure to object to the R&R within fourteen (14) days would result in the waiver of his appellate rights on this issue, Winning filed no objections.[1] The Court therefore **ADOPTS** the R&R in its entirety, **GRANTS** the defendants' motion to dismiss (dkt. no. 16), **DISMISSES** this case **WITH PREJUDICE,** and **ORDERS** that it be **STRICKEN** from the Court's docket.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

DATED: June 11, 2012

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] Winning's failure to object to the Report and Recommendation waives his appellate rights in this matter and relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).